## GETCHELL v. TINKER.

1. WILLS—JOINT AND MUTUAL WILLS.

Instrument whereby parties who had held property as tenants by the entireties and who became estranged provided that, upon the death of either, property should pass to survivor and upon death of survivor it should pass to their son and sole heir, if living, otherwise to the son's legal heirs, expressing intent to qualify the right to survivorship and that the instrument be considered testamentary in character, *held*, in legal effect the joint and mutual will of the parties.

2. SAME—CONTRACT TO MAKE MUTUAL WILLS—EVIDENCE.

A contract incorporating the mutual will of the parties is sufficient evidence of the agreement in pursuance of which the will was executed.

3. SAME—MUTUAL WILL—ENFORCEMENT UPON DEATH OF ONE PARTY.

Upon the death of one party to a contract to make mutual will, the agreement underlying the will becomes irrevocable and right of action to enforce it vested in the beneficiaries.

4. SAME—MUTUAL WILL—SUBSEQUENT SEPARATE WILLS.

Notwithstanding fact that parties to contract to make a mutual will each subsequently made separate wills, where neither made one prior to the death of the one dying first that devised the property, involved in suit to quiet title and to cancel a deed given by the survivor, differently than in the mutual will, the beneficiaries were entitled to enforce the provisions of such mutual will.

Appeal from Isabella; Hart (Ray), J. Submitted October 4, 1939. (Docket No. 38, Calendar No. 40,556.) Decided December 19, 1939.

Bill by Hazel Getchell and others against Effie A. Tinker and F. A. Tinker to set aside a deed, for an accounting and other relief. Decree for plaintiffs. Defendant Effie A. Tinker appeals. Affirmed.

*Blair Dusenbury, Gerald J. Cotter,* and *Ray D. Markel,* for plaintiffs.

*Herbert W. Smith,* for defendant.

CHANDLER, J. Prior to and on December 11, 1922, Albert T. Getchell and Ella Getchell, husband and wife, were the owners as tenants by the entireties of lots 3 and 4, block 31, original plat of the city of Mount Pleasant, Michigan. On the date mentioned, the parties being then estranged, they entered into a property settlement agreement, which was recorded in the office of the register of deeds for the county of Isabella, paragraph 4 of said agreement providing as follows:

"It is mutually agreed that in the event of the death of one party hereto before the other, the title and ownership of the deceased party in and to property affected by this agreement, shall pass to and vest in the surviving party, during his or her natural lifetime and upon the death of said surviving party shall then vest in and belong to Walter Getchell son and sole heir of the parties hereto, if living, and in case he is then deceased, shall vest in and belong to the legal heirs of said Walter Getchell. The provisions in this paragraph contained and intended to qualify the right to survivorship which each party has under the laws of this State in said property, by reason of the fact that the title is held by entirety it being further agreed and understood that such disposition of said property is to be considered testamentary in character and is one of the considerations of this agreement."

Albert T. Getchell died on November 15, 1933, leaving a will dated October 9, 1925, whereby all of his property was devised and bequeathed to his son, Walter C. Getchell. This instrument, expressly revoking all prior wills, was admitted to probate. His

wife died August 6, 1938, her will also devising the property involved in this litigation to the son. Walter C. Getchell died on March 17, 1938.

Two days prior to the death of Ella Getchell, she executed a warranty deed of the property to defendant Effie A. Tinker.

The bill of complaint alleges that upon the death of Ella Getchell, plaintiffs, sole legal heirs of Walter C. Getchell, deceased, became the owners of the property; that they took possession thereof on August 17, 1938, and notified tenants to pay rent to them; and that the claims of the defendant Effie A. Tinker, asserted by virtue of the warranty deed heretofore mentioned, constitute a cloud on their title. The bill prays that the deed be cancelled and held null and void; that defendants be decreed to release any interest they claim to have in the premises to plaintiffs; that it be decreed that defendants have no title or interest therein; and that defendant Effie A. Tinker be restrained from collecting rents, interfering with the possession of plaintiffs and from asserting any claims of ownership, and from recording the warranty deed to her, which, at the time of the filing of the bill of complaint, was in the office of the register of deeds.

The trial court entered a decree granting the relief prayed, and defendant Effie A. Tinker has appealed, the cause having been dismissed as to her husband, F. A. Tinker, who claims no interest in the property.

Paragraph 4 of the instrument of December 11, 1922, above quoted, is clearly testamentary in character, and the document in its entirety reveals it to have been executed pursuant to an agreement between the parties to dispose of the property involved in this litigation, in the event of death, in the manner specified in said paragraph 4. In this

particular, it was, in legal effect, the joint and mutual will of the parties thereto. Appellant argues that the instrument cannot be construed as a joint and mutual will, claiming that there is no evidence of an existing agreement to make mutual wills. A reading of the document in its entirety is sufficient to disclose the existence of such an agreement. It clearly appears to have been the intention of the parties to make a contract by the terms of which all property owned by them was to be disposed of as provided therein, paragraph 4 to become operative in the event of death of either party and to stand as a testamentary disposition of whatever interest one party might have upon the death of the other. The contract incorporates therein the mutual will of the parties and stands as sufficient evidence of the agreement in pursuance of which the will was executed.

Upon the death of Albert T. Getchell, his interest in the property passed to his wife as provided, and thereafter she had no power to make a disposition contrary to the provision of paragraph 4. The agreement underlying the mutual will became irrevocable, and a right of action for the enforcement of the agreement vested in plaintiffs as beneficiaries. *Keasey* v. *Engles*, 259 Mich. 178.

Although Albert T. Getchell and his wife made separate wills subsequent to the execution of the instrument herein involved, both devised their interest in this particular piece of property to their son. The record contains no evidence to indicate that the contract plaintiffs seek to enforce was legally rescinded prior to the death of Albert T. Getchell.

Decree affirmed, with costs to plaintiffs.

Butzel, C. J., and Wiest, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.