DESMIT v. J. C. PENNEY COMPANY.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—SLOPING WAY FROM STORE DOOR TO PUBLIC SIDEWALK—WET OR ICY TERRAZZO SURFACE.
Defendant store owner's motions for directed verdict and for judgment notwithstanding the jury's verdict were properly denied in 61-year-old customer's action for injuries sustained when she fell on sloping terrazzo passageway from store door to public sidewalk at 11:45 a.m. early in January while defendant was conducting a widely advertised annual sale, since it may not be said that all reasonable men would agree either that defendant was free from causal negligence or that plaintiff pedestrian was contributorily negligent, where the surface involved was either wet or icy.

2. TRIAL—REQUESTS TO CHARGE—ARGUMENTATIVENESS.
Refusal of trial judge to give 4 proffered requests to charge which were argumentative *held*, not error.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted January 8, 1963. (Calendar No. 9, Docket No. 49,408.) Decided March 8, 1963.

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 332 *et seq.*
[2] 53 Am Jur, Trial § 552.

Case by Minnie DeSmit against J. C. Penney Company, a Delaware corporation, for personal injuries sustained when she fell on store property. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Gemrich, Moser, Zarbock & Dombrowski,* for plaintiff.

*Howard & Howard,* for defendant.

Per Curiam. This is a negligence case. Trial to court and jury resulted in a verdict and judgment for plaintiff in the sum of $15,000. Defendant appeals and stresses contention that the trial judge should have granted its motion for directed verdict, assigning no proof of causal negligence and affirmative proof of contributory negligence.

J. C. Penney's Kalamazoo store conducted its advertised annual white goods sale January 2, 1957. A "steady, continuous stream of traffic" started into, through, and out of the store after the doors opened at 9:30 a.m. About 11:15 a.m. the plaintiff, a 61-year-old lady, started to leave the store by the east door. Upon stepping through the door she slipped and fell on the sloping terrazzo walkway leading to the public sidewalk, breaking her left hip.

It was shown that the weather, during the preceding night and during the morning of the white goods sale, was windy, snowy and cold;* that defendant assigned 3 employees to keep the nearby sidewalks and entryways to the store clear of snow; to sprinkle calcium chloride on the sidewalks, and to spread a substance known in the record as "nonskid" in and about the terrazzo entryways; that one such employee shoveled clear the east entryway and

---

* About 20 degrees that morning, according to a witness.

applied "nonskid" to the terrazzo surface thereof at an early hour; that he dry-mopped and applied new "nonskid" on the same surface just prior to opening at 9:30 a.m., and sprinkled more "nonskid" on that surface at approximately 10:45 a.m.

Plaintiff alleged and testified that the surface of the entryway was "icy"; whereas other witnesses testified that it was "damp," or "moist," or "slushy," but was not "icy." Defendant, relying upon such apparent weight of proof, insists that the jury found a verdict for plaintiff on a theory contrary to that of her testimony and, in consequence, that her case failed both in law and fact.

Whatever the actual fact, that is, whether the surface was "icy" or merely "damp," the jury of right could have found, as it apparently did, that the slope of the entryway became insecure if not dangerous that morning; that defendant was knowledgeably forewarned of such condition when weather conditions and heavy customer travel conduced to and possibly increased the risk of slippage; that a pedestrian of ordinary prudence might not have known that a sloping terrazzo surface, when that surface is either wet or icy, becomes inordinately slippery, and that defendant may not have taken all indicated measures the common law exacts reasonably of invitors carrying on business in like circumstances.

Here the slope extended down from the doorway, to the level of the sidewalk, a distance of 8 feet and 8 inches. A question directed to counsel during oral argument brought agreement of counsel that the slope dropped about 8 vertical inches between doorway and sidewalk. Considering all this we find ourselves unable to say that all reasonable men would agree that defendant was free from causal negligence, or that all reasonable men would agree that the plaintiff pedestrian was contributorily negligent.

Defendant's motions for directed verdict and for judgment notwithstanding the jury's verdict accordingly were rightly denied.

Defendant proffered 4 requests to charge which the trial judge refused to give. Error is assigned upon such refusal. We find upon examination of them that all 4 are argumentative and that grant thereof would have constituted error.

No other question of importance, not covered by our view of defendant's motions for directed verdict and judgment notwithstanding, is made to appear. Judgment affirmed. Costs to plaintiff.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith, and O'Hara, JJ., concurred.