GLOVER *v.* GLOVER

Wills—Mutual Wills—Binding on Survivor.

    An agreement that mutual wills are to be binding on the survivor cannot be inferred from the identical and reciprocal provisions alone, but must be established by other evidence.

Appeal from Sanilac, Arthur M. Bach, J. Submitted Division 1 April 9, 1969, at Detroit. (Docket No. 5,592.) Decided July 28, 1969. Leave to appeal denied December 31, 1969. See 383 Mich 757.

Complaint by Patricia Glover against Sarah E. Glover, executrix of the estate of Arthur W. Glover, deceased, to establish a constructive trust and to recover damages and penalties from the estate of Arthur W. Glover and from defendant personally. Judgment for defendant. Plaintiff appeals. Affirmed in part, and remanded in part.

*William A. Ortman,* for plaintiff.

*Leonard J. Paterson,* for defendant.

Before: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. Plaintiff sought in her action below to impose a constructive trust on the assets of the estate of Arthur W. Glover. Plaintiff is the widow

References for Points in Headnote

57 Am Jur, Wills § 732.
Joint, mutual, and reciprocal wills. 169 ALR 9.

of Arthur W. Glover's son, who was a beneficiary under his father's will. Plaintiff also sought damages under CL 1948, § 702.55 (Stat Ann 1962 Rev § 27.3178[125]) and the penalty provided by CL 1948, § 702.18 (Stat Ann 1962 Rev § 27.3178[88]). She appeals from the trial court's order of judgment for defendant.

The basis upon which the constructive trust was sought to be imposed was an alleged contract to make mutual wills, binding on the survivor, entered into by the testator and defendant, his wife. The record reveals that the sole evidence of this alleged agreement is the mutual wills of Arthur and Sarah Glover, which contained reciprocal, but otherwise identical, provisions. The wills do not contain an express agreement that they are to be binding on the survivor.

An agreement that mutual wills are to be binding on the survivor cannot be inferred from the identical and reciprocal provisions alone, but must be established by other evidence. *Eicholtz* v. *Grunewald* (1946), 313 Mich 666; *Schondelmayer* v. *Schondelmayer* (1948), 320 Mich 565. The burden of proof is on the plaintiff. *Hammel* v. *Foor* (1960), 359 Mich 392.

A review of the record reveals that the trial judge's finding that there was no evidence of the alleged agreement was not "clearly erroneous." GCR 1963, 517. The trial court was also correct in ruling that jointly-owned assets of Arthur and Sarah Glover are not subject to the trust created by the testator's will. See *In re Renz' Estate* (1953), 338 Mich 347; *Murray* v. *Kator* (1922), 221 Mich 101.

Plaintiff contends the trial court erred by admitting certain testimony in violation of the dead man's

statute in effect at the time of the trial.* The trial court properly held that the plaintiff failed to adduce *any* evidence of an agreement. Since the plaintiff has failed to bear the burden of presenting affirmative evidence in support of her allegations, the testimony in question, which was designed to rebut the allegations, need not be considered.

The trial court did not expressly rule on the claims asserted under CL 1948, § 702.55 (Stat Ann 1962 Rev § 27.3178[125]) and CL 1948, § 702.18 (Stat Ann 1962 Rev § 27.3178[88]). Plaintiff requests this Court to render a judgment in her favor on these claims.

An action under CL 1948, § 702.55 must be brought by the executor or administrator of the estate. It is clear from the record that plaintiff is not the executrix or administratrix of Arthur Glover's estate. The decedent's will names defendant as the executrix of the estate. Plaintiff was not appointed administratrix; nor does she claim this status. Therefore a judgment for defendant was proper as to this claim.

CL 1948, § 702.18 authorizes the levy of a $10 *per diem* penalty on the custodian of a will for failure, without reasonable cause, to forward the will to the probate court within 30 days after the testator's death. The trial court did not state its factual determination in regard to defendant's alleged failure to file her husband's will within the given period and the underlying reasons for the delay. GCR 1963, 517.1 requires the trial court to state its fact findings and conclusions of law. Without knowing the factual basis upon which the trial court proceeded, it cannot be determined whether error was committed by not imposing the penalty. Accordingly, the judgment is vacated in part and the claim under CL 1948,

---

* CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160), repealed by PA 1967, No 263, § 2.

§ 702.18 (Stat Ann 1962 Rev § 27.3178[88]) is remanded for the trial court's statement of its fact findings.

No costs are awarded, neither party having prevailed in full.