## GILLEN v. MARTINI

1. NEGLIGENCE—INVITEES—DUTY.

A landowner is not an insurer of his invitee's safety; however, the landowner is under an affirmative duty to exercise due care to make the premises reasonably safe for the invitee's use.

2. NEGLIGENCE—INVITEES—ICE AND SNOW—LIABILITY.

A landowner is not liable to his invitees for injuries caused by the landowner's failure to remove natural accumulations of ice and snow from a normal, outdoor, unobstructed sidewalk.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 March 4, 1971, at Lansing. (Docket No. 9320.) Decided March 25, 1971.

Complaint by Arlene Gillen against James C. Martini and Ann M. Martini for negligence. Judgment for plaintiff. Defendants appeal. Reversed.

*Glassen, Parr, Rhead & McLean,* for plaintiff.

*Burwell & Shrank* (by *Eric C. Humpsch*), for defendants.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Negligence §§ 96–103.

Before: R. B. Burns, P. J., and J. H. Gillis and
T. M. Burns, JJ.

J. H. Gillis, J.  This is a slip and fall case.  Plain-
tiff, Arlene Gillen, brought this action claiming that
defendants, James and Ann Martini, were negligent
in failing to remove a natural accumulation of ice
and snow from the private walkway to their home,
and that such negligence was a proximate cause of
plaintiff's fall and ensuing injuries.  At the nonjury
trial, defendants cross-examined plaintiff's witness-
es, but offered no proofs and rested their case on a
motion for directed verdict.  They appeal as of right
from the judgment entered for plaintiff.

Plaintiff is an antique dealer.  She went to de-
fendants' home to purchase antiques in response to
an advertisement in the local Lansing newspaper.
A recent storm had left a three-inch accumulation
of snow and ice in the general area and defendants'
sidewalk and private walkway were not cleared.
Plaintiff testified that she was proceeding slowly
on the walkway because she knew it was slippery,
when she fell and fractured her arm.

Plaintiff's status as a business invitee is not ques-
tioned, and there is ample evidence in the record to
sustain the trial court's finding on this issue.  See 2
Restatement of Torts 2d, § 332, comment e, p 179;
2 Harper & James, Law of Torts, § 27.12, p 1481.
Defendants do not dispute the well-settled rule that
while a landowner is not an insurer of the invitee's
safety, he is under an affirmative duty to exercise
due care to make the premises reasonably safe for
the invitee's use.  *Shorkey* v. *Great Atlantic & Pa-
cific Tea Co.* (1932), 259 Mich 450, 452; *Ruemenapp*
v. *National Food Stores, Inc.* (1970), 25 Mich App
291, 294; *Mills* v. *A. B. Dick Company* (1970), 26
Mich App 164, 167.  Rather, defendants' argument

is that the general duty owed invitees does not include removal of natural accumulations of ice and snow.

In this regard, we note that an abutting property owner may not be held liable to pedestrians for injuries sustained by falling on sidewalks made hazardous by natural accumulations of ice and snow, and statutes and ordinances which impose a duty upon landowners to clean sidewalks create no private liability. *Taylor* v. *Lake Shore & M. S. R. Co.* (1881), 45 Mich 74; *Grooms* v. *Union Guardian Trust Co.* (1944), 309 Mich 437; *Levendoski* v. *Geisenhaver* (1965), 375 Mich 225. Cases which alter the rule of non-liability to pedestrians do so when artificial conditions cause aggravation of natural hazards. *Betts* v. *Carpenter* (1927), 239 Mich 260; *Weider* v. *Goldsmith* (1958), 353 Mich 339.

Once the status of invitee is established, plaintiffs have been able to establish the liability of the landowner where the injuries are sustained either in the vestibule of a building, *Keech* v. *Clements* (1942), 303 Mich 69, or on a sloping terrazzo walkway leading from the store to a public sidewalk, *DeSmit* v. *J. C. Penney Company* (1963), 369 Mich 527. However, we have found no Michigan case in which a landowner has been held liable for failure to clear a natural accumulation of ice and snow from a normal, outdoor, and unobstructed sidewalk. The record in this case clearly shows that the dangerous condition, if it existed, was caused solely by natural accumulations of ice and snow.

In *Perl* v. *Cohodas, Peterson, Paoli, Nast Co.* (1940), 295 Mich 325, 334, 335, the Court observed that:

"Most of the cases involving ice and snow concern actions against municipalities for such accumulations on sidewalks. However, *the standard of*

*duty of the municipality to those who use its streets and sidewalks is the same as that of the owner or occupier of premises to an invitee.*

*"In such cases the criterion is whether the danger was caused by natural or unnatural and artificial conditions."* (Emphasis supplied.)

In *Mayo* v. *Village of Baraga* (1913), 178 Mich 171, it was held that municipalities are not liable for failure to protect pedestrians from danger caused by the natural accumulation of ice and snow upon sidewalks. Applying that rule to the instant case, we find defendants' assignment of error well taken.

Reversed. Costs to appellants.

All concurred.