### KOZYRA v JACKMAN

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—PLEADING.

    A motion for summary judgment on the ground that a party has
    failed to state a legally cognizable claim is to be tested by the
    pleadings; the test is whether the party's claim is so clearly
    unenforceable as a matter of law that no factual development
    can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. JUDGMENT—SUMMARY JUDGMENT—APPEAL AND ERROR—MOTIONS—
    ASSUMPTIONS—PLEADING.

    The Court of Appeals in determining the propriety of a motion
    for summary judgment for failure of the complaint to state a
    cause of action upon which relief can be granted assumes every
    well-pleaded allegation in the complaint to be true (GCR 1963,
    117.2[1]).

3. WILLS—JOINT WILLS—CONTRACTS—TRUSTS—IRREVOCABLE TRUSTS—
    EVIDENCE.

    A binding contract providing for an irrevocable trust may be
    established by the language of a joint and mutual will and by
    other extrinsic evidence.

4. WILLS—PROBATE—CONTESTS—GROUNDS FOR CONTEST—JOINT WILLS
    —MUTUAL WILLS—CONTRACTS.

    It is not a ground for contest to the probate of a will that the will
    breaches a contract made under a prior joint and mutual will;
    an injured party's remedy lies in his right of action to enforce
    the contract and not in a contest to the probate of the will.

5. WILLS—PROBATE—REVOKING WILLS—RES JUDICATA—SPECIFIC PER-
    FORMANCE—REVOKED WILLS.

    The probate of a will which is a revoking will may not be res

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Summary Judgment §§ 29, 32.
    Propriety of considering answers to interrogatories in determining
    motion for summary judgment. 74 ALR2d 984.
[3] 57 Am Jur, Wills §§ 680, 682.
    Joint, mutual, and reciprocal wills. 169 ALR 9.
[4, 5] 57 Am Jur, Wills § 716.

judicata as to an action for specific performance of a contract manifested by an earlier revoked will.

Appeal from Macomb, William J. Beer, J. Submitted Division 2 January 13, 1975, at Detroit. (Docket No. 19091.) Decided March 25, 1975.

Complaint by Henry J. Kozyra, administrator with will annexed of the estate of Eugene Jackiewicz, deceased, and Anna Jackiewicz, widow of decedent Eugene Jackiewicz, against Paul Jackman, special administrator of the estate of Eugene Jackiewicz, for a declaratory judgment determining the status of certain real property conveyed by decedent to defendant. Cross-complaint by defendant for specific performance of the terms of a will executed by decedent. Summary judgment for plaintiffs on the cross-complaint. Defendant appeals. Reversed.

*William S. Evans,* for plaintiffs.

*Bruce A. Karash,* for defendant.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal arises from the entry of summary judgment in favor of plaintiffs-appellees on January 18, 1973, and the denial of defendant-appellant's motion for a rehearing on December 5, 1973. This opinion will not attempt to recite all of the procedural machinations which have occurred in the seven years during which this controversy has continued. A brief review, however, will set the case in perspective.

On April 26, 1962, decedent Eugene Jackiewicz and his wife, Wanda, executed a joint will providing that the survivor should take the whole estate

and that upon the death of the survivor the estate was to be distributed in accordance with the provisions in the will. In addition to other bequests not at issue, the will appointed Eugene and Wanda's son, Paul Jackman, as trustee on behalf of four named grandchildren who were bequeathed $15,000 each. Paul was also named as the residuary legatee of the estate.

On April 20, 1964, Wanda Jackiewicz died survived by her husband and children. During the summer of 1965, Eugene Jackiewicz conveyed several properties to appellant by quit-claim deed. Each deed provided that the conveyance was made "in trust in accord with the terms and provisions of my Last Will and Testament". The parties are in dispute as to the nature of the control over the property exercised by Eugene Jackiewicz and Paul Jackman, respectively.

In November, 1965, Eugene married Anna Yandau. Eugene and Anna executed a joint will on September 13, 1967, drawn up by the same scrivener who had prepared the 1962 will. This will contained a clause revoking all prior wills and provided that the survivor would retain a life estate. Three months later Eugene Jackiewicz died.

Paul Jackman was appointed special administrator, and the estate was submitted to Macomb County Probate Court. Later, however, when the 1967 will was admitted for probate, appellant was relieved of his status and one of the appellees, Henry Kosyra, and a daughter of decedent Eugene Jackiewicz were appointed co-administrators of the estate. No objection as to the validity of the 1967 will was raised.

However, at subsequent proceedings a dispute arose as to whether the 1965 conveyances should

be included in the estate. The probate court directed the parties to proceed to circuit court to resolve the issue.

On July 2, 1969, appellees filed a declaratory judgment action in Macomb County Circuit Court to determine the status of the 1965 deeds conveyed to the appellant. Appellant cross-complained for specific performance of the terms of the 1962 will. After numerous motions, attempted settlements, and appeals for superintending control, the case was tried in May, 1972. But one month later the trial judge disqualified himself, and the case was assigned to another circuit court judge.

After another year and a half of further settlement attempts and delays, the case was set for trial. But, prior to trial commencement, the trial court granted appellees' motion for summary judgment on January 18, 1973. The court denied appellant's motion for rehearing on December 5, 1973, and entered an order. Regretably, considering the time and energy already expended, we must reverse.

Summary judgment was apparently granted under GCR 1963, 117.2(1) for failure by the appellant to state a claim upon which relief can be granted. The trial court based its holding upon two basic conclusions. First, the 1962 joint will was not contractually irrevocable as to the surviving husband. Second, the probate of the 1967 will constituted res judicata as to the present controversy and since appellant failed to challenge the validity of that will prior to probate, he is now barred from doing so. We reject both of these conclusions as legally erroneous.

A motion for summary judgment on the ground that the opposing party has failed to state a legally cognizable claim is to be tested by the plead-

ings. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733, 734 (1974). The test to be applied is "whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery". *Crowther v Ross Chemical Co,* 42 Mich App 426, 431; 202 NW2d 577, 580 (1972). See also *The Cooke Contracting Co v Department of State Highways,* 55 Mich App 479, 483; 223 NW2d 15 (1974). Every well-pleaded allegation in appellant's cross-complaint is assumed to be true by this Court. *Johnston's Administrator v United Airlines,* 23 Mich App 279, 281; 178 NW2d 536, 537 (1970).

We hold that appellant's cross-complaint for specific performance alleged sufficient facts to entitle him to recover under either of two factual-legal theories. First, appellant might establish that Eugene and Wanda Jackiewicz entered into a contract manifested by their joint and mutual will which provided for an irrevocable trust. When, after Wanda's death, Eugene executed another will which provided for a disposition inconsistent with that agreement, he breached that contract and the beneficiaries may now recover. See, generally, *Schondelmayer v Schondelmayer,* 320 Mich 565; 31 NW2d 721 (1948).

Alternately, the appellants might show that Eugene and Wanda entered into a contract providing for an irrevocable trust and that in conveying properties to his children in 1965 and in establishing an inter vivos trust with appellant as trustee, Eugene was fulfilling his contractual obligations. In that case, these properties would clearly be outside of his estate at the time of his death. The fact that he received income from certain properties during his life would not be inconsistent with this disposition.

It must be emphasized that whether appellant can recover under either of these theories will depend upon whether he is able to satisfy the fact-finder on remand. Of course, both theories require a showing that Eugene and Wanda intended to bind themselves irrevocably in a contract. See *Getchell v Tinker,* 291 Mich 267; 289 NW 156 (1939). This may be established by the language of the will and by other extrinsic evidence. *Glover v Glover,* 18 Mich App 323, 324; 171 NW2d 51, 52 (1969). See also Browder, *Recent Patterns of Testate Succession in the United States and England,* 67 Mich L Rev 1303, 1342 (1969).

If the appellant does prove that underlying the joint will was a contract providing for an irrevocable trust, which of the two legal theories applies will depend upon Eugene's intent when he conveyed the properties to the appellant in trust "in accord with the terms and provisions of [his] Last Will and Testament". If he intended to establish this inter vivos trust irrevocably with the grandchildren as beneficiaries to a stated amount and Paul Jackman as a residuary beneficiary for the excess value of the property, then his conveyance was valid and the properties should have been excluded from the estate. Again, this disposition must await the proofs. It is sufficient for present purposes that the 1967 will was attached to the pleadings. The statement in paragraph 3 of the will as to the distribution of their estate in accordance with their "joint wish" plus defendant's request for specific performance demonstrated that the defendant alleged a joint agreement in his pleadings.

We further hold that the probate of the 1967 will did not constitute res judicata as to the present controversy. The issue in the probate court

was whether the document presented was the last will of the decedent. The probate court has limited statutory jurisdiction. MCLA 701.19; MSA 27.3178(19). It is not a ground for contest to the probate of a will that it breaches a contract made under a prior joint and mutual will. The injured's remedy lies in his right of action to enforce the contract, not in a contest of the probate of the will which constitutes the breach. See *Keasey v Engles,* 259 Mich 178, 181–182; 242 NW 878, 879–880 (1932). See also 57 Am Jur, Wills, § 715, 716, pp 485, 486; Annotation, *Joint, mutual and reciprocal wills,* 169 ALR 9, 53–55, 60, 81. In short, a judgment probating a revoking will is not res judicata as to an action for specific performance of a contract manifested by the earlier, revoked will.

We have found it necessary to explain at length the legal theories under which appellant might recover in order that this extended controversy might be resolved with dispatch. Other contentions of error by the trial court need not be decided since the rulings would not appreciably assist the trial court on remand.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to appellant.