## WOODWORTH v BRENNER

1. JUDGMENT—SUMMARY JUDGMENT—SCOPE OF REVIEW.

   The Court of Appeals, in review of a trial court's grant of summary judgment for a plaintiff's failure to state a cause of action upon which relief could be granted, takes as true the allegations in the complaint in order to determine whether a plaintiff's claim is so clearly unenforceable, as a matter of law, that no factual development can possibly justify a right to recover.

2. NEGLIGENCE—SIDEWALKS—ABUTTING LANDOWNERS—PEDESTRIANS—ICE AND SNOW—NATURAL ACCUMULATIONS—LIABILITY—SLIP AND FALL.

   A person owning land abutting a sidewalk may not be held liable to pedestrians for injuries sustained by a fall on a sidewalk made hazardous by natural accumulations of ice and snow, and statutes and ordinances which impose a duty upon landowners to clean sidewalks create no private liability.

3. NEGLIGENCE—SIDEWALKS—ABUTTING LANDOWNERS—ICE AND SNOW—NATURAL ACCUMULATIONS—NEGLIGENT AFFIRMATIVE ACT—SLIP AND FALL.

   It is only where snow or ice accumulates on a sidewalk because of a negligent affirmative act of an abutting landowner, or where the landowner's act increases the danger from a natural accumulation that the property owner may be held for an invitee's slip and fall.

4. MUNICIPAL CORPORATIONS—SIDEWALKS—HIGHWAYS—LIABILITY—REASONABLY SAFE AND FIT—STATUTES.

   Liability for failure to keep public highways, including sidewalks, in a condition reasonably safe and fit for travel falls principally upon the involved governmental unit and is statutorily defined (MCLA 691.1401 *et seq.;* MSA 3.996[101] *et seq.).*

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgement § 26.

[2–5] 56 Am Jur 2d, Municipal Corporations, Counties, and other Political Subdivisions § 860.

5. MUNICIPAL CORPORATIONS—SIDEWALKS—DEFECTS—ICE AND SNOW—
   SLIP AND FALL—SUMMARY JUDGMENT—COURT RULES.

The mere presence of ice and snow on a sidewalk will not support
a personal injury action against a city for injuries arising from
a slip and fall on an icy sidewalk; a plaintiff must allege some
defect in the sidewalk itself and where the only defect in the
sidewalk alleged by the plaintiff was the presence of ice the
lower court acted properly in granting the defendant city's
motion for summary judgment on the basis that the plaintiff
failed to state a cause of action upon which relief could be
granted (GCR 1963, 117.2[1]).

Appeal from Shiawasee, Peter J. Marutiak, J. Submitted April 6, 1976, at Lansing. (Docket No. 24214.) Decided May 28, 1976.

Complaint by Donald W. Woodworth, Jr., against James A. Brenner, Mrs. James A. Brenner and the City of Owosso for personal injuries caused by plaintiff's slip and fall on an ice-covered sidewalk. Summary judgment was entered in favor of the defendants. Plaintiff appeals. Affirmed.

*Shanahan & Schied,* for plaintiff.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for defendants Brenner.

*Des Jardins & Des Jardins,* for defendant City of Owosso.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

T. M. BURNS, P. J. Plaintiff slipped and fell on the sidewalk abutting the property of defendants Brenner. Plaintiff alleged in his complaint that the Brenners were negligent in failing to maintain the sidewalk in a safe condition contrary to city ordinance, failing to keep the sidewalk free of ice

contrary to city ordinance, and failing to prevent snow melting from their property to run off and accumulate on the adjacent sidewalk. Plaintiff alleged that the city was negligent in failing to keep the sidewalk free of ice and in failing to determine the unsafe condition of the sidewalk surface and require its repair. The complaint further alleged that both defendants were negligent in failing to warn plaintiff of the hazardous condition of the sidewalk.

The Brenners admitted that they had removed snow from the sidewalk and piled it at the sides such that it was above the level of the sidewalk. It was plaintiff's theory that the snow melted, flowed back upon the sidewalk and later froze, causing an icy condition.

All defendants moved for summary judgment for failure to state a claim upon which relief could be granted. Summary judgment was entered in favor of the defendants. Plaintiff appeals as of right.

For the purposes of our review, the allegations in the complaint are taken as true and our function is to determine whether plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975), *Kozyra v Jackman,* 60 Mich App 7; 230 NW2d 284 (1975).

*Whether a passerby walking on a public sidewalk may recover from the city and/or abutting landowner for injuries caused by a fall on an icy sidewalk where the icy condition is caused by the refreezing of previously shoveled snow which melted and accumulated on the sidewalk.*

We first consider the potential liability of defendant landowners.

An abutting property owner may not be held liable to pedestrians for injuries sustained by falling on sidewalks made hazardous by natural accumulations of ice and snow, and statutes and ordinances[1] which impose a duty upon landowners to clean sidewalks create no private liability. *Gillen v Martini,* 31 Mich App 685, 687; 188 NW2d 43 (1971). It is only where the snow or ice accumulates because of a negligent affirmative act of the landowner, or where the landowner's act increases the danger from a natural accumulation that the property owner may be held liable for an invitee's slip and fall. *Creech v Consumers Power Co,* 59 Mich App 167, 171; 229 NW2d 358 (1975).

The increased hazard theory relied upon by plaintiff was discussed in *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958), in which opinion the Supreme Court quoted approvingly from a case factually on point with the instant case:

"[I]n *Taggart v Bouldin,* 111 NJL 464, 468 (168 A 570) [1933], the snow which had been banked on either side of the sidewalk by defendant's shoveling, later melted and froze on the walk. In upholding the lower court's nonsuit of plaintiff the court said:

" 'The action of the defendant, in having the sidewalk shoveled off, introduced no new element of danger; rather the opposite resulted and the danger was lessened. * * * Since this be so, to hold a property owner answerable in damages, for injuries received because an effort is made to keep the sidewalk clear and to reduce the danger to pedestrians, would result in a hardship and an injustice.' " *Weider, supra,* at 341.[2]

As plaintiff points out, there is a split of author-

---

[1] As for the effect of the ordinance in the instant case, *see Levendoski v Geisenhaver,* 375 Mich 225; 134 NW2d 228 (1965).

[2] *Cf. New Highland Recreation, Inc v Fries,* 246 Md 597; 229 A2d 89 (1967).

ity in other jurisdictions concerning the liability of an abutting landowner to pedestrians injured after the landowner removed snow from the sidewalk. See Annot, 71 ALR2d 793 (1960). We believe the better view to be that expressed by the New Jersey Court in *Taggart, supra,* and endorsed by our Supreme Court in *Weider, supra.* We find that the trial court correctly ruled in favor of the defendants Brenner.

We note that neither the instant appeal nor the above cited Michigan authority is effected by the recently decided case of *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975).[3]

As for the liability of the city, the only defect in the sidewalk alleged by plaintiff was the presence of ice. The mere presence of ice and snow will not support an action against the city. Plaintiff must allege some defect in the sidewalk itself. See *Pappas v Bay City,* 17 Mich App 745; 170 NW2d 306 (1969), *Johnson v Pontiac,* 276 Mich 103; 267 NW 795 (1936).

---

[3] As stated by the Court in *Quinlivan* at 256–257:

"On this appeal we do not determine the duty owed the user of public streets and sidewalks. Under present Michigan law, liability for failure to keep *public* highways (including sidewalks) 'in condition reasonably safe and fit for travel' falls principally upon the involved governmental unit and is statutorily defined. MCLA 691.1401, *et seq.;* MSA 3.996(101), *et seq.,* and *Levendoski v Geisenhaver,* 375 Mich 225; 134 NW2d 228 (1965). Decision of the case at hand does not require us to address the scope of the statutory duty owed the user of public streets and sidewalks respecting natural accumulations of ice and snow. We need not, therefore, pass upon the merits of the holdings in cases *(e.g., Weider,* [353 Mich 339; 91 NW2d 283 (1958)], and *Betts* [239 Mich 260; 214 NW 96 (1927)], which deal with injury from accumulations of ice and snow occuring on public streets and sidewalks."

Pre-existing case law was overruled by *Quinlivan* only as it applied the natural accumulation rule to cases involving the liability of a *business invitor. Quinlivan, supra,* at 260.

The grant of summary judgment in favor of the defendant city was proper.

Affirmed.

D. E. Holbrook, Jr., J., concurs in the result only.