METHENY v COY-MAGEE CUSTOM BUILDER, INC

Docket No. 59228. Submitted June 28, 1982, at Lansing.—Decided
    September 29, 1982.

    David and Rita Metheny purchased a new home. After they and
        their family moved in it was discovered that the water supply
        was contaminated and unsafe to drink. The Methenys brought
        an action against the builder, Coy-Magee Custom Builder, Inc.,
        the broker, Countryside Real Estate, Inc., and the mortgage
        lender, Great Lakes Federal Savings and Loan, alleging, *inter
        alia,* that defendant Great Lakes had a duty to inspect the
        water supply and inform the plaintiffs of the contamination.
        The Livingston Circuit Court, Bert M. Hensick, J., granted
        summary judgment in favor of Great Lakes only, and the
        plaintiffs appeal, alleging that defendant's duty was created by
        certain language in the mortgage application regarding the
        requirement of a survey of the property. *Held:*

        There was no duty on the part of the mortgage lender, either
        created by the loan application or otherwise, to undertake a
        water analysis. Summary judgment was properly granted.

        Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

    A motion for summary judgment based on the allegation of the
        defendant that he had no legal duty to do that which the
        plaintiff has alleged the defendant failed to do is properly based
        upon the subrule allowing summary judgment for failure to
        state a claim upon which relief may be granted (GCR 1963,
        117.2[1]).

2. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

    A motion for summary judgment based upon the failure to state
        a claim upon which relief may be granted is tested by the
        pleadings alone, taking as true the factual allegations of the
        complaint along with any inferences which may fairly be
        drawn therefrom; unless the claim is so clearly unenforceable
        as a matter of law that no factual development can possibly

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 61A Am Jur 2d, Pleading § 230 *et seq.*

justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

*Decker & Cleary* (by *Charles F. Decker),* for plaintiffs.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Mark E. Morley),* for defendant appellee.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

PER CURIAM. In 1979, David Metheny signed a purchase agreement (contingent on obtaining financing) for a house located at 6410 Brookfield, Brighton, Michigan. The house was being built by defendant Coy-Magee Custom Builder, Inc., and sold through defendant Countryside Real Estate, Inc. David Metheny filed a mortgage loan application with defendant-appellee Great Lakes Federal Savings and Loan on August 10, 1979, which was approved on September 10 and finalized on October 22. Plaintiffs moved into their new home on September 6, 1979. The water was found to contain high levels of coliform bacteria and salt. Plaintiffs were advised by the county health department that the water was unsafe to drink. Since November 1979, plaintiffs have been provided with bottled water. The Methenys brought an action against Coy-Magee, Countryside and Great Lakes. Great Lakes (hereinafter defendant) moved for summary judgment, which the trial court granted at a hearing on the motion held on June 29, 1981. Plaintiffs now appeal the trial court's decision.

In Count IV of the complaint plaintiffs alleged

* Circuit judge, sitting on the Court of Appeals by assignment.

that defendant breached its fiduciary duty of care in failing to discover or warn plaintiffs of the contamination. There is no indication on the record as to which subrule of the summary judgment rule the court relied on, GCR 1963, 117.2(1) or 117.2(3), although the motion presented by defendant was based on GCR 1963, 117.2(3). Since the issue here is whether or not defendant had a legal duty to test the water, 117.2(1) is the appropriate subrule to apply. See *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976).

In *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978), this Court stated the test employed in reviewing summary judgments under 117.2(1):

"The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well settled. The motion is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). The motion tests the legal basis of the complaint, not whether it can be factually supported. *Borman's, Inc v Lake State Development Co,* 60 Mich App 175; 230 NW2d 363 (1975). The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972)."

Plaintiffs cite no authority supporting their claim that defendant had an affirmative duty to undertake a water analysis or that defendant had a duty to disclose the contamination to plaintiff if it was aware of it. We agree with defendant that a

lender has no affirmative duty as part of the
mortgage loan process to test the quality of the
water supply. Even assuming that defendant had a
duty to warn about the water contamination prob-
lem if it had known about it, it appears that
defendant did not know about it. There is no
suggestion in any of the depositions or affidavits
that defendant knew of the problem. Even plaintiff
David Metheny conceded during deposition and by
letter that, to the best of his knowledge, defendant
did not know about it. Therefore, even assuming a
duty to warn plaintiffs if the water problem was
known, defendant would be entitled to summary
judgment on the ground that plaintiffs have raised
no issue of material fact. GCR 1963, 117.2(3).

In their effort to avoid summary judgment for
defendant, plaintiffs rely mainly on the proposition
that paragraph 2 of the addendum to commitment
of their loan application created an affirmative
duty on the part of Great Lakes to test the water
quality at the premises in question. Paragraph 2
states:

"2. A mortgage Survey from a registered Civil Engi-
neer of your choice is required, in order to check all
easements, encroachments or other irregularities which
could affect our ability to make a mortgage loan on the
subject property. Unless otherwise directed by you,
Lender will arrange to obtain the survey."

Nowhere in their complaint do plaintiffs mention
that the alleged fiduciary duty arose out of this
contractual language, but it appears that the trial
court rested its decision on this language.

Even assuming this theory had been pled, plain-
tiffs' argument is without merit. Clearly, para-
graph 2 of the addendum to commitment was not

intended to protect plaintiffs against a bad water supply.

Plaintiffs are precluded from raising the allegation that the alleged fraud of Countryside Real Estate is imputed to Great Lakes since this theory of recovery was not pleaded or raised at any time below.

Affirmed.