ELAM v MARINE

Docket No. 54336. Submitted March 17, 1982, at Detroit.—Decided
    May 5, 1982.

Joanne L. Elam and Kenneth Elam brought a personal injury
    action in Oakland Circuit Court alleging negligence on the part
    of E. J. and Margaret Marine, doing business as Bargain Barn,
    in failing to keep the public sidewalk adjacent to their store
    free from ice and snow. The court, Robert B. Webster, J.,
    granted defendants' motion for summary judgment on the basis
    that the plaintiffs had failed to plead facts sufficient to estab-
    lish a cause of action. Plaintiffs appeal. *Held:*

    1. Property owners in Michigan have no duty to maintain
    sidewalks free from the natural accumulation of ice and snow
    even where the property owner is a business invitor and the
    person injured is an invitee. Liability attaches only where the
    property owner has taken some affirmative step to alter the
    natural accumulation of ice and snow, thereby increasing the
    hazard of travel for the public. The impacting of snow by the
    feet of defendants' customers entering and exiting from defen-
    dants' store does not give rise to a duty on the part of the
    defendants to maintain the sidewalk free from ice and snow.

    2. The act of one of defendants' employees in assisting
    Joanne Elam out to her car did not give rise to a warranty of
    safety nor did it create a duty on the part of defendants to
    maintain the public sidewalk in a safe condition.
        Affirmed.

1. NEGLIGENCE — SIDEWALKS — PROPERTY OWNERS — SNOW AND ICE
    REMOVAL.
    Property owners have no duty to maintain sidewalks free from

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 57 Am Jur 2d, Negligence § 268.
    62 Am Jur 2d, Premises Liability §§ 250, 272, 273.
    Liability for injuries in connection with ice or snow in nonresiden-
        tial premises. 95 ALR3d 15.
    Liability for injuries from ice or snow on residental premises. 54
        ALR3d 558.
    Liability of owner or operator of premises for injury to person
        coming to premises in course of delivery or pickup of merchan-
        dise or similar product. 32 ALR3d 9.

the natural accumulation of ice and snow even where the property owner is a business invitor and the person injured is an invitee; it is only where the property owner has taken some affirmative step to alter the natural accumulation of snow and ice, thereby increasing the hazard of travel for the public, that liability attaches.

2. NEGLIGENCE — SIDEWALKS — SNOW AND ICE REMOVAL.
   The result of a change in the natural condition because of others traveling over the snow on a sidewalk does not give rise to a duty on the part of a property owner to maintain that sidewalk free from ice and snow.

3. NEGLIGENCE — SIDEWALKS — SNOW AND ICE REMOVAL — WARRANTY OF SAFETY.
   The fact that an employee assisted a customer over a sidewalk and out to her car does not result in a warranty of safety by the employer and creates no duty in the employer to maintain the sidewalk free from ice and snow.

*Alvin C. Sallen,* for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Brian J. Doren),* for defendants.

Before: BRONSON, P.J., and CYNAR and J. R. ERNST,* JJ.

PER CURIAM. This is an appeal as of right from an order entered in the Oakland County Circuit Court granting summary judgment in favor of defendant pursuant to GCR 1963, 117.2(1). Plaintiffs instituted a personal injury action alleging negligence on the part of defendants in failing to keep the public sidewalk adjacent to their store free from ice and snow. After providing plaintiffs an opportunity to amend their complaint, the trial court granted defendants' motion for summary judgment holding that plaintiffs had failed to plead facts sufficient to establish a cause of action.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs argue that they have pled sufficient facts supporting two theories upon which they attempt to hold defendants liable. Plaintiffs first argue that the impacting of snow by the feet of defendants' customers entering and exiting from defendants' store created an alteration in the natural accumulation of ice and snow. Since defendants knew of, and benefited from, this activity, plaintiffs assert that a duty arose on defendants' part to maintain the sidewalks in a safe condition. Plaintiffs further argue that whether defendants did, in fact, maintain the sidewalk according to a reasonable standard of care is a question of fact for the jury, making the trial court's order granting summary judgment improper.

In Michigan, property owners have no duty to maintain sidewalks free from the natural accumulation of ice and snow even where the property owner is a business invitor and the person injured is an invitee, *Mendyk v Michigan Employment Security Comm,* 94 Mich App 425, 431-434; 288 NW2d 643 (1979). The rule is that liability attaches only where the property owner has taken some affirmative step to alter the natural accumulation of the ice and snow, thereby increasing the hazard of travel for the public. *Mendyk, supra, Creech v Consumers Power Co,* 59 Mich App 167; 229 NW2d 358 (1975), *lv den* 395 Mich 822 (1975), *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958).

The question raised here is whether the acts of business invitees in walking on the snow may give rise to liability of the defendant store owners, who it is alleged knew a dangerous condition was being created, for the resulting unsafe conditions and increased hazard of travel over that sidewalk. In Michigan, the result of a change in the natural

condition because of others traveling over the snow does not give rise to a duty on the part of another to maintain that sidewalk free from ice and snow. *Weider, supra,* 343. To so hold would make all business invitors liable for the conditions of public sidewalks the moment even one customer entered their store. Moreover, not only are defendants' business invitees responsible for impacting the snow in the entranceway, but so are mere passers-by who never enter the store.

Plaintiffs also contend that the act of an employee in assisting plaintiff Joanne L. Elam out to her car gave rise to a warranty of safety, thereby creating a duty on the part of defendants to maintain the public sidewalk in safe condition. It is important to note that plaintiffs do not allege that the employee failed to exercise due care in assisting plaintiff Joanne L. Elam to her car, nor do plaintiffs allege that the defendants had a duty to warn that plaintiff of the condition of the sidewalk.

The employee's assistance of plaintiff Joanne L. Elam over the sidewalk and out to her car does not constitute a warranty under Michigan law and creates no duty in defendants to maintain the sidewalk free from ice and snow. Plaintiffs fail to cite any authority in support of this theory of liability.

Affirmed. Defendants may tax costs.