TAYLOR v SAXTON

Docket No. 67438. Submitted November 17, 1983, at Detroit.—Decided
      February 13, 1984.
            Raymond J. Taylor was struck and killed by an automobile
      driven by defendant Alden M. Saxton. At the time of the
      accident, Mr. Taylor was walking in the street because the
      abutting public sidewalk had not been cleared of snow. Plain-
      tiffs, Olive Taylor, individually, and Joanne Roth-Bokas, as
      personal representative of the estate of Raymond J. Taylor,
      deceased, brought an action in the Wayne Circuit Court against
      defendants, Alden M. Saxton, American Federal Savings and
      Loan Association and ASA Service Corporation. The complaint
      alleged negligence, proximate cause, and damages. Plaintiffs
      contended that the owner of the property over which the
      sidewalk runs (ASA) and its principal lessee (American Fed-
      eral) had a duty both as a matter of common law and as a
      matter of local ordinance to clear the sidewalk and thereby
      avoid the foreseeable risk of a pedestrian being struck down in
      the street. The trial court, Irwin H. Burdick, J., granted a
      partial summary judgment and final judgment of dismissal as
      to defendants ASA and American Federal based upon their
      claim that they could not be found liable either as a matter of
      common law or pursuant to the local ordianance. The personal
      representative of the estate appeals therefrom. *Held:*

            1. Landowners owe no duty to pedestrians to clear the public
      sidewalk of natural accumulations of ice and snow. Therefore,
      the defendant landowners herein did not have a common-law
      duty.

            2. A muncipal ordinance, such as the one involved in this

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 879.
    61A Am Jur 2d, Pleading § 231.
[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 517.
[3] 1 Am Jur 2d, Actions § 73.
    39 Am Jur 2d, Highways, Streets, and Bridges § 518.
Statute ordinance requiring abutting owner or occupant to remove
    snow and ice from sidewalk as affecting liability for injuries. 82
    ALR2d 998.

case, which imposes a duty upon a landowner to clear the abutting public sidewalk of snow and ice, creates a public duty for which there is no private right of action.

3. The summary judgment was proper.

Affirmed

1. APPEAL — SUMMARY JUDGMENT.

The Court of Appeals, in review of a trial court's grant of summary judgment for a plaintiff's failure to state a cause of action upon which relief could be granted, takes as true the allegations in the complaint in order to determine whether a plaintiff's claim is so clearly unenforceable, as a matter of law, that no factual development can possibly justify a right to recover.

2. NEGLIGENCE — PUBLIC SIDEWALKS — PROPERTY OWNERS — ICE AND SNOW — COMMON LAW.

Landowners owe no duty to pedestrians to clear the public sidewalk of natural accumulations of ice and snow; therefore, a landowner does not have a common-law duty in such regard.

3. MUNICIPAL CORPORATIONS — PUBLIC SIDEWALKS — PROPERTY OWNERS — ICE AND SNOW — PUBLIC DUTY — ACTIONS.

A municipal ordinance which imposes a duty upon a landowner to clear an abutting public sidewalk of snow and ice creates a public duty for which there is no private right of action.

*Rothe, Mazey, Mazey & Hamburger, P.C.* (by *Robert L. Hamburger),* for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Matthew A. Seward),* for American Federal Savings and Loan Association.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Francis H. Porretta),* for ASA Service Corporation.

Before: WAHLS, P.J., and D. E. HOLBROOK, JR., and R. E. ROBINSON,* JJ.

PER CURIAM. In the instant case, Mr. Raymond

_____

* Former circuit judge, sitting on the Court of Appeals by assignment.

J. Taylor was visiting relatives in the City of Southfield and was staying at the Howard Johnson's Motor Lodge located along Northwestern Highway, just north of 10-Mile Road in the City of Southfield. On December 27, 1981, he and one of his daughters decided to go to a restaurant located approximately 200 yards south of the hotel along Northwestern Highway. There had been substantial snowfall that month, with a very substantial accumulation on the ground as of December 27, 1981. Mr. Taylor and his daughter walked to the restaurant using the street. Although there were sidewalks adjacent to both the restaurant and the adjoining property in question, the sidewalks were not cleared of the snow. There was approximately 10 to 12 inches of snow and ice accumulated over the sidewalk and the adjoining grass and curb. Mr. Taylor and his daughter walked in the street along the curb to the restaurant without incident.

Upon completing their meal, Mr. Taylor and his daughter exited from the restaurant and proceeded back along the street in the direction from which they had come. Defendant Alden Saxton had exited from the John Lodge Expressway and was proceeding on the northbound Northwestern Highway service ramp. He testified that he did not see either Raymond J. Taylor or his daughter until it was too late for him to stop. He also testified that he was attempting to move from the left-hand lane over to the right-hand lane. Mr. Taylor was struck by Mr. Saxton's automobile and killed.

Plaintiffs filed a complaint against defendants alleging negligence, proximate cause, and damages. Plaintiffs claimed that defendants American Federal Savings and Loan Association and ASA Service Corporation (hereinafter defendants) had a duty to the deceased, and other pedestrians, to

clear the sidewalks of snow and ice and thereby avoid the foreseeable risk of a pedestrian's being struck down on heavily traveled Northwestern Highway. Plaintiffs contend that the property owner, ASA Service Corporation, and its principal lessee, American Federal Savings and Loan Association, had a duty both as a matter of common law and as a matter of local ordinance to clear their sidewalks.

Defendants filed a motion for summary judgment. Defendants contended that they cannot, either as a matter of common law, or pursuant to the terms of the local ordinance, be found liable no matter how negligent they were in failing to clear their sidewalks. The lower court entered an order granting partial summary judgment to these defendants. It is that order which is the subject of this appeal.

The first issue for consideration is whether the defendants had a common-law duty to keep the public sidewalk clear of ice and snow.

For purposes of this review, the allegations in the complaint are to be taken as true and this Court's function is "to determine whether plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover". *Woodworth v Brenner,* 69 Mich App 277, 279; 244 NW2d 446 (1976).

Prior to 1976, the rule in Michigan was that a landowner owed no obligation to an injured plaintiff to remove a natural accumulation of ice and snow from any location. See *Bard v Weathervane of Michigan,* 51 Mich App 329; 214 NW2d 709 (1974); *Gillen v Martini,* 31 Mich App 685; 188 NW2d 43 (1971); *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958).

In 1975, the Michigan Supreme Court discarded

the "natural accumulation" rule for situations involving an invitee on the premises of an invitor. See *Quinlivan v Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975), *reh den* 395 Mich 923 (1976). However, the Court expressly made clear that its holding did not address the merits of previous holdings in cases which dealt with injury from accumulations of ice and snow occurring on public streets and sidewalks. *Id.,* pp 256-257.

This Court has subsequently held that landowners owe no duty to pedestrians to clear the public sidewalk of natural accumulations of ice and snow. See *Mendyk v Michigan Employment Security Comm,* 94 Mich App 425; 288 NW2d 643 (1979); *Elam v Marine,* 116 Mich App 140; 321 NW2d 870 (1982). Accordingly, defendants herein did not have such a common-law duty.

The second issue for consideration is whether defendants can be held liable for negligence where a city ordinance requires the occupant of property to keep an abutting public sidewalk clear of ice and snow. We find that a municipal ordinance, such as the instant one, which imposes a duty upon a landowner to clear an abutting public sidewalk of snow and ice, creates a public duty for which there is no private right of action. Summary judgment was proper herein. See *Taylor v Lakeshore & M S R Co,* 45 Mich 74; 7 NW 728 (1881); *Grooms v Union Guardian Trust Co,* 309 Mich 437; 15 NW2d 698 (1944); *Levendoski v Geisenhaver,* 375 Mich 225; 134 NW2d 228 (1965); MCL 117.4h; MSA 5.2081.

Affirmed.