BUFFA v DYCK

Docket No. 71207. Submitted April 10, 1984, at Detroit.—Decided July 19, 1984.

Louise Buffa slipped and fell on a public sidewalk abutting the property of Helene Dyck, who had shoveled snow off the walk prior to Louise Buffa's falling. Some of the snow had melted, the melted snow flowed onto the sidewalk and froze, and it was on the icy patch that the fall had occurred. Louise and Henry Buffa brought an action against Helene Dyck in the Macomb Circuit Court and the court, George R. Deneweth, J., granted summary judgment for defendant. Plaintiffs appealed. *Held:*

1. The court appeared to have granted summary judgment for failure to state a claim for which relief could be granted. However, in deciding, it relied upon facts developed during discovery and not alleged in the complaint. The Court of Appeals treated the summary judgment as having been granted for lack of a genuine issue of material fact.

2. A landowner whose property abuts a public sidewalk is liable for slip and fall injuries occurring on the sidewalk where he has taken some action to clear the walk of ice and snow and where the action has increased the hazard of travel over the sidewalk. To be held liable, the increased danger may not be the direct result of natural forces such as subsequent melting and freezing.

3. Plaintiffs argued that defendant allowed grass to grow up over the sidewalk, thus causing a mound and a dip on the sidewalk at which point water unnaturally accumulated and froze. Plaintiffs alternatively argued that defendant created a nuisance in fact for which she may now be held liable. The growing of grass did not constitute an alteration in the sidewalk, however, leading to an unnatural accumulation of ice. And, even assuming there was a dip in the sidewalk which

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 62 Am Jur 2d, Premises Liability §§ 250, 272 *et seq.*

Liability for injuries from ice or snow on residential premises. 54 ALR3d 558.

Liability in connection with injury allegedly caused by defective condition of private road or driveway. 44 ALR3d 355.

trapped water and ice and thereby created a nuisance, plaintiff's cause of action is not against the abutting property owner but against the owner of the sidewalk, the city.

Affirmed.

1. TORTS — LANDOWNERS — ICE AND SNOW — SLIP AND FALL — SIDEWALKS.

Property owners have no duty to maintain public sidewalks abutting their property free from natural accumulations of ice and snow.

2. TORTS — LANDOWNERS — ICE AND SNOW — SLIP AND FALL — SIDEWALKS.

A landowner whose property abuts a public sidewalk is liable for slip and fall injuries occurring on that sidewalk where he has taken some action to clear the walk of ice and snow and where that action has increased the hazard of travel over the sidewalk; to be held liable, the increased danger may not be the direct result of natural forces such as subsequent melting and freezing.

3. TORTS — SIDEWALKS — ICE AND SNOW — SLIP AND FALL — LANDOWNERS.

Liability, if any, for depressions in sidewalks which trap water and ice and thereby create a nuisance is with the owner of the sidewalk, not the abutting property owner.

*Gagleard, Addis, Imbrunone & Gagleard, P.C.* (by *Michael A. Gagleard*), for plaintiffs.

*Martin, Bacon & Martin, P.C.* (by *Stuart A. Fraser*), for defendant.

Before: HOOD, P.J., and M. J. KELLY and R. C. LIVO,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of summary judgment in favor of defendant. Defendant filed her motion under both GCR 1963, 117.2, subds (1) and (3), and the trial court appeared to decide the motion under GCR 1963,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

117.2(1), holding that "no factual development could possibly justify a right to recovery". In its opinion, however, the trial court relied upon facts developed by the parties on discovery and not alleged in the complaint, an improper basis in deciding a motion for summary judgment under GCR 1963, 117.2(1). *Blake v Consolidated R Co,* 129 Mich App 535, 543; 342 NW2d 599 (1983). We thus review the trial court's decision under GCR 1963, 117.2(3) and consider whether there is a genuine dispute as to any material issue of fact and, if not, whether any factual development could possibly justify plaintiff's claim. *Anderson v Kemper Ins Co,* 128 Mich App 249, 252-253; 340 NW2d 87 (1983).

According to the facts viewed in a light most favorable to plaintiffs, Louise Buffa (plaintiff) slipped and fell on February 4, 1981, while walking on a public sidewalk abutting defendant's personal residence. Approximately four inches of snow had fallen on February 1st and 2nd, 1981, and, in clearing the snow from the sidewalk, defendant had followed the traditional practice of piling the shoveled snow along both sides of the walk. By February 4, 1981, some of the snow had melted and flowed back onto a portion of the sidewalk. The melted snow subsequently froze causing an icy condition. Plaintiff, 68 years old at the time, slipped and fell on this patch of ice, severely and permanently injuring her hip.

The general rule is that property owners have no duty to maintain public sidewalks abutting their property free from the natural accumulation of ice and snow. *Elam v Marine,* 116 Mich App 140, 142; 321 NW2d 870 (1982). Plaintiff, however, relies upon two exceptions to the rule, the first being the increased hazard exception developed in *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283

(1958); *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976); *Mendyk v MESC,* 94 Mich App 425; 288 NW2d 643 (1979), and *Stamatakis v Kroger Co,* 121 Mich App 281; 328 NW2d 554 (1982), *lv den* 417 Mich 1014 (1983). Under this exception, a landowner whose property abuts a public sidewalk is liable for slip and fall injuries occurring on that sidewalk where he or she has taken some action to clear the walk of ice and snow and where that action has increased the hazard of travel over the sidewalk. However, any increased danger cannot be the direct result of natural forces. *Mendyk, supra,* pp 434-435. Thus, where an abutting property owner clears away snow from a public sidewalk and natural forces such as melting and freezing subsequently cause icy conditions, liability will not attach. *Weider, supra; Woodworth, supra.* Where, however, the icy condition is caused by some unnatural force, such as the placing of salt on the cleared sidewalk, liability may attach. *Mendyk, supra.*

In this case, there is no dispute but that the icy patch upon which plaintiff fell was directly caused by the natural forces of melting and freezing. In fact, plaintiff alleges negligence in defendant's failure to apply salt, gravel or sand to the sidewalk, thus taking this case outside the *Mendyk* exception. We affirm the trial court's grant of summary judgment for failure of plaintiff to state or establish facts which would allow recovery under the increased hazard exception.

Plaintiff also relies upon a second exception to the no-liability rule and alleges that defendant took affirmative steps to alter the condition of the sidewalk itself thus causing an unnatural or artificial accumulation of ice on the walk. Specifically,

plaintiff argues that defendant allowed grass to grow up over the sidewalk thus causing a mound and a "dip" on the sidewalk at which point water unnaturally accumulated and froze. Plaintiff alternatively argues that defendant created a nuisance in fact for which she may now be held liable.

We agree with the trial court that no factual development could justify a finding of liability under either of these theories. The growing of grass along the edge of a sidewalk will always result in the abutting land's being elevated somewhat over the sidewalk. This does not constitute an alteration in the *sidewalk,* however, leading to an unnatural accumulation of ice. Moreover, even assuming there was a "dip" in the sidewalk which trapped water and ice and thereby created a nuisance, plaintiff's cause of action is not against the abutting property owner but against the owner of the sidewalk, the city. In fact, the cases cited by plaintiff in favor of recovery under a nuisance theory constitute actions brought by slip and fall victims against the city-owners of the sidewalks. *Navarre v Benton Harbor,* 126 Mich 618; 86 NW 138 (1901); *Hughes v Detroit,* 336 Mich 457; 58 NW2d 144 (1953).

We conclude that the trial court properly granted summary judgment in favor of defendant in this case. We further find that the trial court properly denied plaintiff's motion to amend since the proposed amendment related to the growing of grass along the sidewalk and would thus have been futile in the face of defendant's motion for summary judgment. GCR 1963, 118.1; *Barnard v Hartman,* 130 Mich App 692, 697; 344 NW2d 53 (1983).

Affirmed.