## LUNDY v GROTY

Docket No. 75122. Submitted December 12, 1984, at Lansing.—Decided April 2, 1985.

Gertrude Lundy brought an action in the Ingham Circuit Court against Judith Groty for damages for injuries she received when she fell on a natural accumulation of snow and ice in defendant's driveway. Plaintiff was a housekeeper and babysitter for defendant and had just arrived for work when she fell getting out of her car. Snow had begun falling during the previous night and continued to fall up until the time of plaintiff's injury. The court, Michael G. Harrison, J., granted summary judgment for defendant. Plaintiff appealed. *Held:*

A housekeeper and babysitter is a business invitee in the home of her employer. Whether it was reasonable under the circumstances for a possessor of land to do nothing to reduce the risk of harm to a business invitee from a natural accumulation of snow and ice while the snow and ice is still accumulating is a question for the trier of fact.

Reversed.

1. NEGLIGENCE — BUSINESS INVITEES — BABYSITTERS — HOUSEKEEPER.

A housekeeper and babysitter is a business invitee in the home of her employer.

2. NEGLIGENCE — BUSINESS INVITEES.

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 62 Am Jur 2d, Premises Liability §§ 101, 238.
Employer's liability for injury to babysitter in home or similar premises. 29 ALR4th 304.
[2-4] 57 Am Jur 2d, Negligence § 66 *et seq.*
62 Am Jur 2d, Premises Liability §§ 65, 67.
[3, 4] 62 Am Jur 2d, Premises Liability § 272 *et seq.*
Liability for injuries from ice or snow on residential premises. 54 ALR3d 558.

will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

3. NEGLIGENCE — BUSINESS INVITEES — SNOW AND ICE.

An invitor has a duty to business invitees to exercise reasonable care to diminish the hazards of ice and snow accumulation which requires that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee.

4. NEGLIGENCE — BUSINESS INVITEES — SNOW AND ICE — QUESTION OF FACT.

Whether it was reasonable under the circumstances for a possessor of land to do nothing to reduce the risk of harm to a business invitee from a natural accumulation of snow and ice while the snow and ice was still accumulating is a question for the trier of fact.

*James C. Lucas,* for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Brett J. Bean),* for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and S. C. GARDNER,* JJ.

S. C. GARDNER, J. Plaintiff filed a negligence action alleging that defendant's failure to maintain her driveway in a reasonably safe condition free from snow and ice caused plaintiff to fall and injure her left arm and wrist. In response defendant filed a motion for summary judgment under GCR 117.2(3) claiming there were no genuine issues of material fact and that she was therefore entitled to judgment as a matter of law. The trial court granted defendant's motion and plaintiff moved for reconsideration, which was denied. Plaintiff appeals the denial of reconsideration as of right and defendant has filed a motion to affirm.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

The parties do not dispute the following facts. On March 13, 1980, plaintiff, a 70-year-old woman, worked for defendant as a housekeeper and baby-sitter. A snowstorm had begun the previous night, and as a result snow and ice had accumulated on defendant's driveway. Snow was still falling when plaintiff arrived for work at approximately 12 noon. Defendant's driveway had not been shoveled or salted and was completely covered by snow. Plaintiff parked her car in the driveway, stepped out of the car, slipped and fell.

The trial court, after examining *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975), held that Michigan law did not require that a business invitor remove snow as it is falling in order to avoid liability to business invitees. The trial court interpreted the *Quinlivan* holding that a business invitor is to take "reasonable measures * * * within a reasonable time after an accumulation of ice and snow" to mean that a legal duty to plaintiff did not arise until after all of the snow had fallen. This view is not compatible with existing Michigan law.

The trial court decides questions of duty, general standard of care and proximate cause. Questions of cause in fact and specific standard of care are reserved for the jury, *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977).

In the instant case, plaintiff is a business invitee on defendant's property. 2 Restatement Torts, 2d, § 332, comment j, pp 180-181. The duty owed to a business invitee is as follows:

"A possessor of land is subject to liability to physical harm caused to his invitees by a condition on the land if, but only if, he:

"a) knows or by the exercise of reasonable care would discover the condition, and should realize that it in-

volves an unreasonable risk of harm to such invitees, and

"b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"c) fails to exercise reasonable care to protect them against the danger." 2 Restatement Torts, 2d, § 343, pp 215-216.

See, also, *Torma v Montgomery Ward & Co,* 336 Mich 468; 58 NW2d 149 (1953).

Recognizing the principles set forth in the Restatement, the Court in *Quinlivan, supra,* overruled the natural accumulation rule that had allowed an invitor to be free from responsibility for any hazards due to a natural accumulation of ice and snow. Instead, the *Quinlivan* Court held that a business invitor was required to take reasonable measures within a reasonable time after the accumulation of ice and snow to diminish the hazard of injury to an invitee. The *Quinlivan* holding clearly follows the common law set forth in the Restatement and describes both the duty owed and the general standard of care involved. In the instant case, defendant would owe plaintiff a duty because she should know that snow was falling on her property and that it would create a dangerous condition for the elderly plaintiff. The general standard of care would require defendant to shovel, salt, sand or otherwise remove the snow from the driveway.

The applicability of these questions of duty and general standard of care are properly decided by the court. *Moning, supra.* The specific standard of care in the instant case would be the reasonableness of defendant's actions regarding the snow. Whether it was reasonable to wait for the snow to stop falling before she shoveled or whether salt or

sand should have been spread in the interim is a question for the jury. *Beals v Walker,* 416 Mich 469; 331 NW2d 700 (1982). In *Beals,* plaintiff was an elevator repairman who had to climb the roof of a building to reach the ladder leading to the top of the grain elevator. He slipped and fell on the icy roof. The Supreme Court overruled the Court of Appeals decision that there was no duty to warn because the condition was obvious and, instead, held that the reasonableness of the defendant's conduct was a question for the jury. The reasonableness of the defendant's actions in the instant situation is clearly also a matter to be decided by the jury.

Reversed.