MORTON v GOLDBERG

Docket No. 93109. Submitted October 6, 1987, at Detroit. Decided February 16, 1988. Leave to appeal applied for.

Edward Morton brought an action in the Wayne Circuit Court against Hersch and Marlene Goldberg for damages for injuries sustained in a slip and fall on a public sidewalk outside a drugstore owned by defendants. The court, Henry J. Szymanski, J., entered judgment on a jury verdict for plaintiff and denied defendants' motions for a directed verdict, a new trial and remittitur. Defendants appealed.

The Court of Appeals *held:*

Property owners have no duty to maintain sidewalks free from the natural accumulation of ice and snow even where the property owner is a business invitor and the person injured is an invitee. It is only where the property owner has taken some affirmative step to alter the natural accumulation of snow and ice and thereby increased the hazard of travel for the public that liability attaches. There was no evidence that defendants increased the hazard to plaintiff. The court should have granted a directed verdict.

Reversed.

NEGLIGENCE — SIDEWALKS — SNOW AND ICE REMOVAL.

Property owners have no duty to maintain sidewalks free from the natural accumulation of ice and snow even where the property owner is a business invitor and the person injured is an invitee; it is only where the property owner has taken some affirmative step to alter the natural accumulation of snow and ice and thereby increased the hazard of travel for the public that liability attaches.

*Edward & Jennings, P.C.* (by *Alice Jennings*), for plaintiff.

REFERENCES

Am Jur 2d, Highways, Streets and Bridges §§ 77-79.

Liability of abutting owner or occupant for condition of sidewalk. 88 ALR2d 331.

Statute or ordinance requiring abutting owner or occupant to remove snow and ice from sidewalk as affecting liability for injuries. 82 ALR2d 998.

*Kitch, Saurbier, Drutchas, Wagner & Kenny, P.C.* (by *Susan Healy Zitterman*), for defendants.

Before: D. E. Holbrook, Jr., P.J., and Shepherd and D. L. Sullivan,* JJ.

Shepherd, J. Plaintiff brought a negligence suit against defendants in Wayne Circuit Court, seeking damages for injuries sustained from a slip and fall on a public sidewalk outside of defendants' drugstore. A jury trial was held on March 6, 10 and 11, 1986, in Wayne Circuit Court. Defendants appeal from the judgment on a jury verdict of $560,000 in favor of plaintiff and the trial court's denial of their motion for directed verdict, motion for new trial and remittitur. We reverse for the reason that the motion for directed verdict should have been granted.

On the morning of January 20, 1982, plaintiff asked his friend Robert Howard to perform some work on plaintiff's automobile. Around noon, the two men decided to drive over to defendants' drugstore to buy some items. The day was cold and snow had fallen the night before, although no snow had fallen that day. Howard parked next to the curb, plaintiff stepped out, took several steps and slipped and fell. Plaintiff was helped to his feet by Howard and a passerby. Plaintiff claimed to have slipped on a small ice patch or puddle three or four steps from the car on the public sidewalk in front of defendants' drugstore. After being helped to his feet, plaintiff informed the store manager, one of defendants' sons, that he had fallen in front of the store. He made a purchase and returned to Howard's vehicle.

The store manager, Harry Goldberg, testified that the store's maintenance man had been in-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

structed to keep the sidewalk clear of ice and snow. Testimony at trial indicated that one of defendants' employees had shoveled the snow and salted the sidewalk in front of the drugstore at approximately 6:30 A.M.

Defendants' attorney entered into evidence the meteorological data sheet from the National Climatic Center for January 20, 1982, which showed the temperatures on that day ranged from four degrees to twenty-six degrees with an average of fifteen degrees. Only twenty-nine minutes of sunshine were recorded on that day and the chart also stated that three inches of snow were on the ground at 7:00 A.M.

Defense counsel made a motion for directed verdict at the close of plaintiff's proofs, arguing that plaintiff had failed to produce evidence establishing any negligence or causation in relation to plaintiff's injuries. The motion was denied.

Following the jury's verdict defendants moved for a new trial. That motion, too, was denied. Defendants present several issues on appeal.

Defendants first argue that the trial court erred in not directing a verdict in its favor. In determining this question, this Court must view the evidence in a light most favorable to the nonmoving party. *Wynn v Cole,* 91 Mich App 517, 524; 284 NW2d 144 (1979). If the evidence, when viewed in this manner, establishes a prima facie case, then a directed verdict is improper. *Id.* If there are material issues of fact upon which reasonable minds might differ, they are for the jury. *Taylor v Wyeth Laboratories, Inc,* 139 Mich App 389, 394-395; 362 NW2d 293 (1984).

Property owners have no duty to maintain public sidewalks abutting their property free from the natural accumulation of ice and snow, even where the property owner is a business invitor and the

person injured is an invitee. *Elam v Marine,* 116 Mich App 140; 321 NW2d 860 (1982). However, the landowner whose property abuts a public sidewalk may be liable for a slip and fall injury where he or she has undertaken to clear the snow or ice and has increased the hazard of walking across the sidewalk. *Elam, supra.* The rule was set forth in *Weider v Goldsmith,* 353 Mich 339, 340-341; 91 NW2d 283 (1958):

> "Appellant in this action relies on the theory that the appellees, in their act of shoveling the sidewalk at the heave added an unnatural hazard, one which was over and above and beyond the natural hazard of the free fall of the snow and the ice. Appellant believes that once the landowner starts to remove the snow from the sidewalk regardless of whether or not he is under a duty to do so, he is bound to do so in a careful manner so as not to add any additional hazard over and beyond the natural hazard of the free fall of the snow and the ice."
>
> The theory relied upon, then, is one of the increase of hazard. The *sine qua non* of this doctrine is that a new element of danger, not theretofore present, be introduced by the acts of the defendants.

See also *Mendyk v MESC,* 94 Mich App 425, 434-435; 288 NW2d 643 (1979) (rev'd on other grounds, but concluding that proofs showing that defendant's shoveling and salting increased danger might allow plaintiff to recover). The key element, then, in holding a defendant liable is that the defendant must have *increased the hazard* to plaintiff. *Weider, supra;* see also *Woodworth v Brenner,* 69 Mich App 277, 280; 244 NW2d 446 (1976).

The present case is very similar to the *Weider* case in which the Supreme Court affirmed the trial

court's granting of judgment notwithstanding the verdict reversing a $92,000 verdict in favor of plaintiff. In that case plaintiff slipped and fell in front of his apartment building a day or so after the caretaker had shoveled the front walk. Snow had built up in a difficult to shovel "heave" of the public sidewalk. The caretaker testified that the heave presented difficulty in shoveling. The Court stated:

> The fact of ice on a public sidewalk at this time and under these circumstances does not prove, or even support a reasonable inference, that the attempted cleaning itself, as distinguished from the normal operation of the forces of nature upon this sidewalk, or the effects of travel thereon by pedestrians, created the ice patch at the crack and thus increased normal hazards, or caused thereat an artificial accumulation of ice. [*Weider*, p 343.]

In the instant case Howard and plaintiff testified to an ice patch or puddle on the sidewalk in front of the store. There was testimony that the sidewalk had been shoveled and salted that morning. We are at a loss, however, to find any evidence in the record to support the conclusion that defendants' actions in shoveling and salting the sidewalk *increased the danger* to plaintiff in passing on the public sidewalk. There was no evidence that the ice patch had formed recently. If the ice patch had been there for some days due to previous meltdown and pedestrian traffic, then defendants' act of shoveling the snow, thus revealing the ice patch to the eye, and salting, thus increasing the footing, could only have decreased the danger. All we have in this case is a theory that the ice patch was formed by the salting and refreezing, or a theory that the ice was covered by a puddle melted by the salt, and plaintiff's testimony that he

slipped on a patch of ice or puddle. We believe that *Weider* requires more. We can discern no evidence in the record of a causal relation between defendants' actions and an increased hazard on the public sidewalk.

*Mendyk,* relied upon by plaintiff, does not *compel* a different result. In *Mendyk* the plaintiff was on her way to the Michigan Employment Security Commission office to pick up her weekly unemployment check when she fell on the public sidewalk several feet in front of the entrance to the office. The sidewalk abutting the MESC office had twice been shoveled and salted on the morning of plaintiff's slip and fall. It was plaintiff's theory that if employees of the MESC who had cleaned the sidewalk before her accident caused snow to be thrown up alongside the sidewalk and salted in such a way that it later melted and froze on the sidewalk then she was entitled to recover. The lower court made no finding as to whether plaintiff had fallen on a natural or unnatural accumulation of ice on the sidewalk. Plaintiff's claim was dismissed in the lower court. This Court reversed and remanded for a new trial on an evidentiary issue, but also discussed the "increased hazard" rule relative to the facts in *Mendyk.* Emphasizing the fact that plaintiff was a business invitee, coupled with the fact that if plaintiff's theory were proved to be true the hazard would have been increased, the Court held "that if plaintiff can establish her version of the facts by a preponderance of the evidence then she is entitled to recovery for her injury." *Mendyk,* 435.

Thus the *Mendyk* Court left plaintiff to her proofs on remand. On the record in the instant case, we see no evidence in the record to suggest that an increased hazard was caused directly or indirectly by defendants through some affirmative

act or omission. We again note the language of *Weider:*

> The holding in the case of *Golub v City of New York,* 201 Misc 866, 868, 869[;] 112 NYS2d 161, 163 [1952], is particularly appropriate to the facts before us:
>
> "The precise issue raised in this case is whether an abutting owner is liable for an ice condition remaining or arising after a snow and ice removal operation, without a showing that that ice condition, assuming it to be hazardous, was caused directly or indirectly by defendant through some affirmative act or omission.
>
> "None of the authorities examined by the court goes that far. In each case where plaintiff has been permitted to recover against an abutting owner, the ice condition following snow and ice removal was either directly or indirectly the result of an act or omission by the abutting owner. On the other hand mere incompleteness of snow or ice removal, or unexplained presence of ice or snow after snow or ice removal, have resulted in the discharge of the defendant as a matter of law. . . .
>
> "In the instant case there is even a graver hiatus in plaintiff's proof. As indicated, there was no evidence that the ice patch was residual to an incomplete cleaning operation or that it was placed there, directly or indirectly, by defendant, let alone that it had been altered by defendant to create a dangerous condition." [*Weider,* 343-344.]

In light of this reasoning, at the close of plaintiff's proofs the motion for directed verdict should have been granted. There was nothing in the record other than pure speculation for a jury to be able to conclude that the condition was caused by the defendant and that the hazard to plaintiff was greater than if defendants had done nothing. The issue of whether the conditions present when plaintiff fell were the result of the amount of

snowfall, the temperature, the time of shoveling, the amount of salt and when it was put in place and any other factors, is a complex matter. Its resolution requires specific proof rather than conjecture. Here, all plaintiff did was present evidence of the conditions, evidence of the fall, and evidence that defendants had shoveled and salted the sidewalk. That is not sufficient to establish liability since no connection was made between what the defendants did and the conditions that prevailed. Given our present holding in this case there is no need to address defendants' additional claims of error.

Reversed.