ZIELINSKI v SZOKOLA

Docket No. 94476. Submitted October 13, 1987, at Detroit. Decided
April 4, 1988.

Anthony J. Zielinski slipped and fell on a public sidewalk as he
was leaving Julius Szokola's barber shop after having his hair
cut. The weather was clear and cold with a light dusting of
snow covering the ground. Underneath the snow was a patch of
ice upon which Zielinski slipped. Zielinski broke his ankle as a
result of the fall and was off work for approximately seven
months. Zielinski and his wife, Mary Lou Zielinski, filed suit
against Szokola and others, including the City of Livonia, in
Wayne Circuit Court. Plaintiffs contended that Szokola's prac-
tice over the previous twenty-nine years of salting the sidewalk
to melt ice pitted the sidewalk, causing one-half-inch-deep
holes, which filled with water, which then froze. Szokola attrib-
uted the ice to the melting of ice and snow from a nearby
snowbank and refreezing of the resultant water. He testified
that he had not shoveled, swept, nor salted the sidewalk for
several days prior to plaintiff's fall. The issues at trial were
whether the accumulation of ice in one-half-inch-deep holes is a
natural or unnatural accumulation and whether one-half-inch-
deep holes in a sidewalk constitute a failure on the part of the
City of Livonia to maintain the sidewalk in reasonable repair
so it is reasonably safe and convenient for public travel. The
court, Charles Kaufman, J., granted summary disposition in
favor of defendants. Plaintiffs appealed.

The Court of Appeals *held:*

1. The accumulation of ice in the holes of the sidewalk
resulting from the refreezing of water from melted ice and
snow is an accumulation from natural causes.

2. Defendants Szokola would not face liability even had the

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions §§ 24 *et seq.*; Premises Liability §§ 39 *et seq.*, 64.

Liability for injuries in connection with ice or snow on nonresiden-
tial premises. 95 ALR3d 15.

Liability of municipality for injury resulting from slippery condi-
tion of walk concurring with defects therein. 41 ALR2d 739.

Municipal liability for injuries from snow and ice on sidewalk. 39
ALR2d 782.

ice accumulated as a result of the refreezing of a salted surface. The application of salt to an icy surface is not the introduction of a new hazard.

3. As a matter of law, the City of Livonia was not under a duty to replace the sidewalk merely because ice accumulated in the one-half-inch-deep holes that had formed. The accumulation of ice in a depression measuring one-half-inch deep is not an unreasonably dangerous condition which would subject the municipality to the possibility of liability.

Affirmed.

1. NEGLIGENCE — SLIP AND FALL — ICE AND SNOW — LICENSEES — NATURAL ACCUMULATION DOCTRINE.

The general rule with regard to the liability of a municipality or property owner for injuries sustained by a licensee as a result of icy conditions is stated in a doctrine known as the natural accumulation doctrine; the doctrine provides that neither a municipality nor a landowner has an obligation to a licensee to remove the natural accumulation of ice or snow from any location.

2. NEGLIGENCE — SLIP AND FALL — ICE AND SNOW — LICENSEES — NATURAL ACCUMULATION DOCTRINE.

There are two exceptions to the natural accumulation doctrine: (1) liability to a licensee may attach where the municipality or property owner has taken affirmative action to alter the natural accumulation of ice and snow and, in doing so, increases the hazard of travel for the public and (2) liability may arise where a party takes affirmative steps to alter the condition of the surface itself, which in turn causes an unnatural or artificial accumulation of ice on the sidewalk.

3. NEGLIGENCE — SLIP AND FALL — ICE AND SNOW — LICENSEES — NATURAL ACCUMULATION DOCTRINE.

A plaintiff must prove that the defendant's act of removing ice and snow introduced a new element of danger not previously present in order to establish liability under the exception to the natural accumulation doctrine which provides that liability may attach where the municipality or property owner has taken affirmative action to alter the natural accumulation of ice and snow.

4. NEGLIGENCE — ICE AND SNOW — LICENSEES — NATURAL ACCUMULATION DOCTRINE.

The natural accumulation doctrine applies only to injuries suffered by a licensee; it does not apply to situations involving an invitee injured on private property.

5. Negligence — Slip and Fall — Ice and Snow — Duty of Landowner — Invitees — Standard of Care — Questions of Fact.

A landowner has an obligation to take reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury to invitees; the specific standard of care, e.g., whether salt or sand should be used in addition to clearing the snow, is a fact question for the jury.

6. Negligence — Sidewalks — Property Owners — Snow and Ice Removal.

Property owners have no duty to maintain sidewalks free from the natural accumulation of ice and snow even where the property owner is a business invitor and the person injured is an invitee; it is only where the property owner has taken some affirmative step to alter the natural accumulation of snow and ice, thereby increasing the hazard of travel for the public, that liability attaches.

7. Negligence — Ice and Snow — Application of Salt — Liability.

The application of salt to an icy surface does not create a new hazard but, rather, alleviates, albeit temporarily, a hazard which already exists; liability should not attach merely because the forces of nature reassert themselves and a salted surface refreezes.

8. Negligence — Sidewalks — Ice and Snow — Municipal Liability.

The accumulation of ice in a depression measuring one-half-inch deep in a public sidewalk is not an unreasonably hazardous condition which would subject the municipality to the possibility of liability.

*Morrison & Moss* (by *Gregory W. Finley*), for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Simeon R. Orlowski*), for defendants Szokola.

*Sullivan, Ward, Bone, Tyler, Fiott & Asher, P.C.* (by *William J. Leidel*), for defendant City of Livonia.

Before: J. H. Gillis, P.J., and Gribbs and J. C. Timms,* JJ.

J. C. Timms, J. In this slip and fall case, plaintiffs appeal as of right from orders granting summary disposition in favor of the City of Livonia pursuant to MCR 2.116(C)(7) and (10) and in favor of defendants Szokola and Julius Barber Shop pursuant to MCR 2.116(C)(8) and (10). We affirm.

On Monday, March 1, 1982, at 8:00 a.m., plaintiff Anthony J. Zielinski had his hair cut at defendant Julius Szokola's barber shop by defendant Irving Szokola. Plaintiff was Szokola's first customer of the day. The weather was clear and cold with a light dusting of snow covering the ground. As plaintiff was walking to the parking lot after his haircut, he slipped and fell on the public sidewalk. He suffered a broken ankle which required surgery to correct. He was on crutches for four or five months and was off work for approximately seven months. As a result, he instituted the instant action.

At his discovery deposition, plaintiff testified that he did not see any defects in the sidewalk at the time of his fall. Upon closer examination, he did observe a two-foot-square patch of ice on the sidewalk under the snow.

In his discovery deposition, Szokola described the condition of the sidewalk as pitted. While there was no expert testimony regarding the cause of the pitting, Szokola believed it resulted from his salting of the sidewalk over the twenty-nine years he had been at his business location. He described the pit holes as being at a maximum of a couple inches in diameter and one-half-inch deep. He recognized that ice sometimes formed in the pits. According to him, at the time of plaintiff's acci-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dent, ice had formed on the smooth part of the sidewalk as well as in the pitted portion. He attributed the ice to the melting of ice and snow from a nearby snowbank and refreezing of the resultant water. He testified that he had not shoveled, swept, nor salted the sidewalk for several days prior to plaintiff's fall.

I

The general rule with regard to the liability of a municipality or property owner for injuries sustained by a licensee as a result of icy conditions is stated in a doctrine known as the natural accumulation doctrine. The doctrine provides that neither a municipality nor a landowner has an obligation to a licensee to remove the natural accumulation of ice or snow from any location. *Hampton v Master Products, Inc,* 84 Mich App 767; 270 NW2d 514 (1978); *Taylor v Saxton,* 133 Mich App 302; 349 NW2d 165 (1984).

The natural accumulation doctrine is subject to two exceptions. The first exception provides that liability to a licensee may attach where the municipality or property owner has taken affirmative action to alter the natural accumulation of ice and snow and, in doing so, increases the hazard of travel for the public. *Woodworth v Brenner,* 69 Mich App 277; 244 NW2d 446 (1976); *Mendyk v Michigan Employment Security Comm,* 94 Mich App 425; 288 NW2d 643 (1979); *Hampton, supra.* To establish liability under this doctrine, a plaintiff must prove that the defendant's act of removing ice and snow introduced a new element of danger not previously present. *Morton v Goldberg,* 166 Mich App 366; 420 NW2d 207 (1988). *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958). Thus, for example, in *Hampton, supra,* the Village

of Yale was deemed liable for injuries suffered by a pedestrian who slipped and fell while trying to walk over a snowdrift that had resulted from road plowing undertaken by the village two days earlier. This Court correctly concluded that the snowbank was an unnatural accumulation.

Just as a brief aside, *Mendyk, supra,* represents an example in which the unnatural accumulation exception was carried to an extreme. There, the plaintiff slipped and fell on a public sidewalk abutting an MESC building and suffered injuries. The sidewalk had been twice shoveled and salted. The Court of Claims rejected the plaintiff's argument that she had fallen on an unnatural accumulation of ice and entered a verdict of no cause of action. This Court reversed and remanded for a new trial, holding that the MESC's act of salting the sidewalk could have caused an unnatural accumulation of ice. As the Court explained:

> In the instant case the sidewalk abutting the MESC office had twice been shoveled and salted on the morning of plaintiff's slip and fall. It is the presence of this salt on the snow that plaintiff claims caused it to melt and freeze on the sidewalk. If this is true, then the action of the MESC in salting the sidewalk increased the plaintiff's hazard from one involving her trudging through snow to one involving her walking on ice. It is clear that her chances of injury from the latter are greater than her chances of injury from the former. [94 Mich App 435.]

While the panel in *Mendyk* did not grant a judgment in favor of the plaintiff, but instead only held that the issue of the MESC's liability should be submitted to the factfinder, the impact of the case is nonetheless staggering. Implicit in the Court's

ruling is the holding that all slip and fall cases caused by icy conditions resulting from salting should go to the factfinder. While liability may not always be found, the defendant must nonetheless suffer the cost of defending the action.[1]

Fortunately, this Court recently tempered the holding of *Mendyk*. In *Morton, supra,* this Court reversed an order denying the defendant drug store's motion for a directed verdict. This Court held that, in order to recover on a slip and fall case, the plaintiff had to prove more than just that defendant had salted earlier in the day and the plaintiff had slipped on ice. To recover, the plaintiff had to establish a causal connection between the defendant's actions and an increased hazard on the sidewalk. This Court felt that the defendant's actions in salting and clearing the snow decreased the danger to pedestrians. The Court politely ignored the holding in *Mendyk,* noting that the opinion did not compel a different result.

The second exception to the natural accumulation doctrine provides that liability may arise where a party takes affirmative steps to alter the condition of the sidewalk itself, which in turn causes an unnatural or artificial accumulation of ice on the sidewalk. *Buffa v Dyck,* 137 Mich App 679, 682-683; 358 NW2d 918 (1984).

---

[1] The holding of *Mendyk* is curious for two reasons. First, the case penalizes the homeowner or business person who uses salt. The lesson of the case is that the liability-conscious landowner or business person should never use salt to alleviate icy conditions, for salt melts snow which in turn refreezes and forms ice. And once salt is applied, the landowner or business person faces the fear that the ice that forms on the sidewalk arose from the refreezing of a salted surface rather than from natural thawing and refreezing. But see *Morton v Goldberg,* 166 Mich App 366; 420 NW2d 207 (1988). Second, the *Mendyk* panel incorrectly relies on the "invitor's rigorous duty of care owed to an invitee" as somehow being important to the case. This is nonsense. Since the plaintiff fell on public property, her status as an invitee is irrelevant. See *Morton v Goldberg, supra; Elam v Marine,* 116 Mich App 140; 321 NW2d 870 (1982).

II

The natural accumulation doctrine applies only to injuries suffered by a licensee. It does not apply to situations involving an invitee injured on private property. With respect to an invitee, the landowner has an obligation to take reasonable measures within a reasonable time after the accumulation of snow to diminish the hazard of injury. *Quinlivan v The Great Atlantic & Pacific Tea Co, Inc,* 395 Mich 244; 235 NW2d 732 (1975). The specific standard of care, i.e., whether salt or sand should be used in addition to clearing the snow, is a fact question for the jury. *Clink v Steiner,* 162 Mich App 551; 413 NW2d 45 (1987).

In *Clink,* a newspaper delivery person was injured when he slipped and fell on the defendant's driveway at 4:00 A.M. while delivering the morning Detroit *Free Press.* While the driveway had been cleared of snow, the runoff from thawing snow had frozen on the driveway. The plaintiff sued and the circuit judge granted the defendant's motion for summary disposition, MCR 2.116(C)(10).

On appeal, this Court reversed, ruling that, although the defendant had cleared the driveway, a jury question existed as to whether the defendant should have used salt or sand in addition to shoveling. 162 Mich App 551, 556-557. In so ruling, the panel relied heavily on *Lundy v Groty,* 141 Mich App 757; 367 NW2d 448 (1985). There, an invitee, the defendant's cleaning person, slipped and fell on a driveway that had not been cleared of snow. It was uncontested that a snow storm had begun the previous night and that snow was still falling when the plaintiff arrived at noon.

We find it curious that the *Clink* panel, in holding that a jury question existed as to whether the defendant should have sanded or salted his

driveway in addition to having shoveled it, would rely so extensively on a case where the plaintiff slipped during a snow storm on a driveway that had not yet been cleared. While the holding in *Clink* might support the result in *Lundy,* the converse does not appear to be true. Such is the nature of the cases in this area of law.

The panel's holding in *Lundy* is curious in its own right. The panel reversed the circuit judge's order granting the defendant's motion for summary disposition. In doing so, it ruled:

> In the instant case, defendant would owe plaintiff a duty because she should know that snow was falling on her property and that it would create a dangerous condition for the elderly plaintiff. The general standard of care would require defendant to shovel, salt, sand or otherwise remove the snow from the driveway.
>
> . . . The specific standard of care in the instant case would be the reasonableness of defendant's actions regarding the snow. Whether it was reasonable to wait for the snow to stop falling before she shoveled or whether salt or sand should have been spread in the interim is a question for the jury. [141 Mich App 760-761.]

The *Lundy* holding is curious because the panel relied almost exclusively on *Quinlivan, supra,* where our Supreme Court merely held that liability might arise for a supermarket's failure to clean its parking lot for several days following a snowfall. We believe that this Court has strayed significantly from the reasonable holding in *Quinlivan.*[2]

---

[2] Apparently, the import of *Clink* and *Lundy* is that, during winter months, Michigan homeowners should cancel home delivery of their newspaper and should order the post office to halt home delivery of mail. Instead, the prudent homeowner should walk to the supermarket to buy a newspaper and to the post office for the mail so that those parties will face liability in case the homeowner falls.

III

The instant case presents a hybrid situation between the natural accumulation doctrine and the higher standard of *Quinlivan,* as it involves a business invitee who was injured on a public sidewalk abutting the business. This precise fact circumstance was addressed in *Elam v Marine,* 116 Mich App 140; 321 NW2d 870 (1982), where the plaintiff sustained injuries after falling on a public sidewalk outside a business. This Court affirmed the grant of summary judgment, ruling that property owners have no obligation to maintain public sidewalks free from ice and snow even where the owner is a business invitor and the person injured is an invitee.[3] See also, *Morton v Goldberg, supra.*

We believe *Elam* and *Morton* are controlling in this case. Since plaintiff was injured on a public sidewalk, he can only recover if he can establish an exception to the natural accumulation doctrine.

IV

Relying on *Mendyk, supra,* plaintiff argues that the ice on which he slipped resulted from defendant's past salting practices. However, plaintiff has a new twist to his argument. He is not claiming that the ice formed from the refreezing of melted snow.[4] Instead, he claims the ice on which he slipped resulted from the accumulation of water in the pits in the sidewalk, which in turn were

[3] Interestingly, one of the cases cited to support this rule was *Mendyk. Mendyk* is factually similar to *Elam* and to the present case. Yet in *Mendyk,* the panel's holding was premised both on an unnatural accumulation of ice and on the higher duty owed by a business invitor to an invitee. Since the plaintiff in *Mendyk* slipped on a public sidewalk, we fail to see how her status as an invitee is pertinent.

[4] Defendant testified that he had not swept or salted the sidewalk prior to the accident since the sidewalk had been cleared of snow for several days prior to the accident.

formed by defendant Szokola's salting of the sidewalk.[5] *Buffa v Dyck, supra.*

The issue thus becomes twofold: (1) whether the accumulation of ice in one-half-inch-deep pit holes is a natural or unnatural accumulation and (2) whether one-half-inch-deep pit holes in a sidewalk constitute a failure on the part of the City of Livonia to maintain the sidewalk in reasonable repair so it is reasonably safe and convenient for public travel.

We conclude that the accumulation of ice in the pit holes of the sidewalk resulting from the refreezing of melted ice and snow is an accumulation from natural causes. We further hold that defendant Szokola would not face liability even had the ice accumulated as a result of the refreezing of a salted surface. We do not view the application of salt to an icy surface as the introduction of a new hazard. *Weider, supra.* Salting does not create a hazard, instead it only alleviates, albeit temporarily, a hazard that already existed. For this reason, liability should not attach merely because the powerful forces of nature reassert themselves and a salted surface refreezes.

We further hold as a matter of law that the City of Livonia was not under a duty to replace the sidewalk merely because ice accumulated in the one-half-inch-deep depressions that had formed. Any other holding would place an impossible burden on the already overburdened municipalities of this state. We do not now decide at which point a

---

[5] This case presents yet another reason why the prudent, liability-conscious homeowner or business person will never apply salt to an icy surface. If salt is applied, it may melt the snow and ice, resulting in an unnatural accumulation of ice, see *Mendyk, supra,* or it might damage the sidewalk, resulting in an unnatural accumulation, as in the present case. Either way, a lawsuit will have to be defended against. From the case law, one can only conclude that salt is akin to sin.

municipality would face liability for depressions in which ice has accumulated, "for it is here where we enter into the realms of reasonable men differing, and of 'tape measure justice.'" *Ingram v Saginaw,* 1 Mich App 36; 133 NW2d 224 (1965).

We note, however, that in a different context our Supreme Court has adopted a two-inch rule for injuries caused by holes in sidewalks. The rule states that, as a matter of law, a municipality is not liable for injuries to a pedestrian caused by a hole in a sidewalk that is less than two inches in depth. *Ingram v Saginaw,* 380 Mich 547; 158 NW2d 447 (1968). Presumably, the accumulation of ice in a hole exceeding two inches in depth would give rise to liability against the municipality. Thus, for example, in *Pappas v Bay City,* 17 Mich App 745; 170 NW2d 306 (1969), Judge HOL-BROOK dissenting, this Court ruled that a depression in a sidewalk measuring 2⅜ inches below the curb and in which water accumulated and froze might give rise to liability against the city. Today we hold only that, as a matter of law, the accumulation of ice in a depression measuring one-half-inch deep in a public sidewalk is not an unreasonably dangerous condition which would subject the municipality to the possibility of liability.

The grant of summary disposition pursuant to MCR 2.116(C)(10) in favor of both defendants is affirmed. Our disposition renders unnecessary the resolution of whether the trial judge's grants of summary disposition under MCR 2.116(C)(7) and (8) were improper. Defendants are entitled to costs as permitted in MCR 7.219.

Affirmed.

GRIBBS, J., concurs in the result only.